**TRINITY METALS OF KANSAS CITY, INC., and Thomas W. Harker, Sr., Plaintiffs,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Defendant.**

No. 85–1342–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Nov. 26, 1985.

---

* The plaintiffs have already received interim at- torney fees from the defendants.

Patrick K. McMonigle, Dysart, Taylor, Penner & Lay, Kansas City, Mo., Constantine John Gekas, Harvitt & Gekas, Chicago, Ill., for plaintiffs.

Kenneth M. Raisler, Gen. Counsel, Whitney Adams, Dept. Gen. Counsel, Anne H. Wright, Commodity Futures Trading Com'n, Washington, D.C., for defendant.

### MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JOHN W. OLIVER, Senior District Judge.

#### I.

Plaintiff filed a complaint for declaratory and injunctive relief on October 11, 1985. That complaint sought declarations that the provisions of Section 6c of the Commodity Exchange Act, as amended, 7 U.S.C. § 1 et seq., which permits the issuance of ex parte restraining orders, are unconstitutional; that the defendant be required to give notice of any application for a temporary restraining order should it seek such relief against the plaintiffs at some time in the future; and that the defendant be enjoined from disclosing any information received pursuant to subpoena from plaintiffs and others to any third persons or agency.

That complaint made reference to an earlier, unsuccessful litigation in which plaintiff sought substantially similar relief in this judicial district and in the district court for the District of Columbia. *See Trinity Metals Exchange, et al, v. CFTC,* No. 85–W–083–6 (motion to quash subpoenas) and *CFTC v. Harker, et al,* 615 F.Supp. 420 (D.D.C.1985) (subpoena enforcement proceeding). On November 4, 1985, defendant Commission filed a motion to dismiss. On November 19, 1985, pursuant to leave of court hereby granted, defendant filed suggestions in opposition to that motion. We have carefully considered the pending motion and the suggestions in support and in opposition. For reasons that need be but briefly stated, defendant's motion to dismiss will be granted.

#### II.

Plaintiffs' brief in opposition to the Commission's motion to dismiss concedes that "plaintiffs seek to prevent an unconstitutional *ex parte* injunction, *not* an adjudication of the legality of TMS's deferred delivery contract" (*Id.* 3) and that the "question herein is whether plaintiffs should be given a prior opportunity to contest the constitutionality of an application for a *ex parte* order" (*Id.* 10). And on page 2 of that brief in opposition, plaintiffs state that they "welcome any action by the CFTC directed at adjudicating the legality of their contract." (*Id.* 8).

The files and records of this Court show that on November 25, 1985, the Commission, together with the states of Florida, North Carolina, Missouri, Colorado, California, Montana and Maine, in Case No. 85–1482–CV–W–3, filed a complaint for temporary restraining order and preliminary and permanent injunctions and other equitable relief for violations of the Commodity Exchange Act, as amended, 7 U.S.C. § 1 et seq. (1982). The files and records of this Court also show that the Commission and the other plaintiffs in the newly-filed com-

plaint did not seek an ex parte restraining order. Rather, plaintiffs filed only a motion for a temporary restraining order and other equitable relief.

That motion shows on its face that it was filed pursuant to Section 6c and Section 6d of the Act *and* Rule 65 of the Federal Rules of Civil Procedure. The files and records of this Court establish that the Commission and the other plaintiffs did not attempt, by affidavit or otherwise, to establish its entitlement to a temporary restraining order without notice. Plaintiffs in the new action did not file either affidavits or by verification of its complaint in which they contended that any irreparable injury, loss, or damage would result to the plaintiffs before the defendant or his attorney could be heard in opposition as required by Rule 65. Nor did plaintiffs' counsel, in accordance with Rule 65, file any certificate in writing in regard to the efforts, if any, which may have been made to give notice to the adverse party or his counsel or to state any reasons supporting any claim that such notice should not be required.

Plaintiffs in this case have long contended that the Commission, in fact, knew of plaintiffs' counsel's representation of the plaintiffs and that they also knew of plaintiffs' counsel's position that Rule 65 entitled plaintiffs and his counsel to notice of any application that the Commission might make to obtain a temporary restraining order. *See* the correspondence attached as Exhibit "C" to plaintiffs' memorandum in support of a temporary restraining order which plaintiffs filed in the pending case.

At long last the Commission implicitly concedes on the face of its motion for a temporary restraining order, preliminary injunction and ancillary equitable relief filed in connection with its newly-filed complaint that Rule 65 is applicable to any motion that the Commission files to obtain injunctive relief in a district court. The Commission's obvious knowledge of both the adverse party and of counsel representing the adverse party would have made it virtually impossible for it to have obtained an ex parte restraining order under the circumstances of this case.

It is indeed difficult for this Court to understand why the Commission did not long ago acknowledge that it was under duty to comply with the express requirements of Rule 65. Such an acknowledgment would have likely satisfied plaintiffs' counsel and the pending case and all of the useless time and expense incident thereto would have been avoided. We trust that the Commission in future cases will reconsider the cat and mouse policy they followed with plaintiffs' counsel in this case in regard to the applicability of Rule 65 of the Federal Rules of Civil Procedure.

So far as the pending case is concerned, plaintiffs no longer need to seek declaratory relief. For all claims of unconstitutionality may properly be presented in the action recently filed by the Commission and the various state plaintiffs in Case No. 85–1482–CV–W–3. For the reasons stated above, it is

ORDERED that defendant's motion to dismiss should be and the same is hereby granted.